**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

1171 BANDERA ROAD, San Antonio, Texas, Real Property Located at, Described as: Lot Seventy-Four (74), Block Three (3), New City Block 11315, Parker Garden Subdivision San Antonio, Bexar County, Texas; BANDERA TERRACE APARTMENTS, San Antonio, Texas, Described as: Lot 87, Block B, New City Block 11507, Woodlawn Hills Subdivision, San Antonio, Bexar County, Texas and Lot 89, Block B, New City Block 11507, Woodlawn Hills Subdivision, San Antonio, Bexar County, Texas; KENNEDY ARMS APARTMENTS, San Antonio, Texas, Described as: 2.657 Acres, Lot Four (4), Block Eleven (11), NCB 12309, San Antonio, Bexar County, Texas; BANDERA OAKS APARTMENTS, San Antonio, Texas, Described as: Tract I: Lot 76, New City Block 11507, Falbo Subdivision, San Antonio, Bexar County, Texas; CASA BLANCA APARTMENTS, San Antonio, Texas, Described as: Block 53, NCP 15596, P-78C, Cable Ranch

No. 97-6319
(Western District of Oklahoma)
(D.C. No. CIV-94-1362-L)

Subdivision, San Antonio, Bexar County, Texas; PROMISSORY NOTE EXECUTED ON JULY 8, 1994, Maker JNP Holding, General Partner of Bandera Terrace L.P. and Bandera Oaks, L.P., Holder Andrea Kuhse, in the amount of $330,000,

      Defendants.

_____

MADERERA NUMANCIA,

      Claimant - Appellant.

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON** and **BRORBY**, Circuit Judges, and **CAMPBELL**,[**] District Judge.

---

This appeal arises out of a civil forfeiture action brought by the United States pursuant to 18 U.S.C. § 981. At issue were two promissory notes, one for $300,000, the other for $30,000. The United States had claimed, and there was no dispute, that the promissory notes were traceable to the proceeds of money laundering. The appellant,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Tena Campbell, District Judge, for the U.S. District Court for the District of Utah, sitting by designation.

Maderera Numancia, S.A., a Costa Rican corporation, contested the forfeiture, claiming that it was the "innocent owner" of the promissory notes. Following trial, the jury returned its verdict in favor of the United States, and the district court entered a judgment of forfeiture. Maderera Numancia appeals the judgment of forfeiture and the denial by the district court of Maderera Numancia's post-trial motions for a new trial and to alter or amend the judgment. We affirm.

## BACKGROUND

On August 19, 1994, the United States Marshall for the Western District of Oklahoma seized certain real properties on the basis that they were subject to forfeiture under 18 U.S.C. § 981(a)(1)(A). Among the properties seized were the two promissory notes that Maderera Numancia had purchased from Patrick Kuhse ("Kuhse"). Maderera Numancia asserted the "innocent owner" defense, claiming that it was a bona fide owner of the promissory notes and that it had no knowledge of the underlying offenses committed by Kuhse.

Fernando Ortega Cervantes ("Ortega"), a Costa Rican businessman, is the principal of Maderera Numancia. At trial, Ortega testified regarding his business dealings with Kuhse, an American, whom Ortega met in 1994.[1]

---

[1]Kuhse had been indicted in Oklahoma on charges of money laundering. He moved to Costa Rica following his indictment, where he remained as a fugitive. The parties stipulated that the two promissory notes were proceeds of Kuhse's money laundering.

On July 5, 1994, Ortega purchased Maderera Numancia, a timber extraction company, for the sole purpose of doing business with Kuhse. Thereafter, Maderera Numancia purchased properties owned by Kuhse in the United States, including the two promissory notes. The notes were secured by second liens on two apartment complexes located in San Antonio, Texas. Maderera Numancia paid Kuhse $130,000 along with a 25% interest in Ortega's Costa Rican rainforest property. At Kuhse's request, Ortega paid Kuhse the $130,000 in cash from the safe in Ortega's office.

Before purchasing the promissory notes from Kuhse, neither Ortega nor anyone representing Maderera Numancia visited the apartment complexes that secured the promissory notes, or looked at the balance sheets or tax returns of these commercial properties. Ortega testified that his attorneys and accountants, who had looked at photographs of the properties, assured him that the deal was valid, but these individuals did not testify at trial.

At trial, the district court gave the following instruction:

INSTRUCTION NO.12

ELEMENTS OF PROOF - INNOCENT OWNERSHIP

18 U.S.C. § 981 provides that the property of innocent persons shall not be forfeited. The statute provides, in pertinent part that:

> No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder.

In this case, the claimant must show by a preponderance of the evidence that it was an "innocent owner" as that term is defined in the statute. "Innocent ownership" is a defense to forfeiture for owners of the property who are uninvolved in and unaware of the illegal activity. In order to come within this exception, claimant must prove by a preponderance of the evidence that it did not know about the illegal actions when it purchased the promissory notes. If the claimant meets its burden, then the property is not forfeited and your verdict should be in favor of the claimant and against the plaintiff. If the claimant fails to meet its burden, then the property is forfeited and your verdict should be for the plaintiff and against the claimant.

Maderera Numancia objected to this instruction. Maderera Numancia proposed an alternative instruction that stated that the innocent owner defense bars forfeiture if "the activity giving rise to the forfeiture occurred without the Plaintiff's actual knowledge," and defined the term "actual knowledge" in contrast to "constructive knowledge." The district court declined to give the instruction proposed by Maderera Numancia.

On appeal, Maderera Numancia argues that the instruction given by the district court failed to make clear to the jury that in order to prevail as an innocent owner, Maderera Numancia needed only to prove that it did not have actual knowledge that the promissory notes were tainted. Maderera Numancia contends that the instruction permitted the jury to reject Maderera Numancia's innocent owner defense if the jury concluded that Maderera Numancia had constructive knowledge that the property purchased was tainted.

**DISCUSSION**

In reviewing a challenge to a district court's jury instructions, we consider

"whether the jury, considering the instructions as a whole, was misled." United States v. Pappert, 112 F.3d 1073, 1076 (10th Cir. 1997) (internal quotations omitted). Where an objection is made at trial, we review de novo the instructions actually submitted to the jury. See id. We review the district court's refusal to give a particular jury instruction proposed by a party for abuse of discretion. See United States v. Swallow, 109 F.3d 656, 658 (10th Cir. 1997).

Although Maderera Numancia contends that the district court's instruction improperly permitted the jury to reject the innocent owner defense upon a finding of constructive knowledge, we need not reach the question of whether 18 U.S.C. § 981 permits a jury to consider whether an owner had "constructive knowledge" of wrongdoing. The instruction given clearly required the jury to find that Maderera Numancia had "actual knowledge" that the promissory notes were tainted in order to return a verdict in favor of the government. In its jury instructions, the district court quoted 18 U.S.C. § 981 which provides that property shall not be forfeited if the illegal acts giving rise to the forfeiture were committed "without the knowledge" of the owner. The district court explained that the innocent owner defense protects against forfeiture when the owner was "uninvolved in and unaware of the illegal activity." The jury was instructed to find for the claimant Maderera Numancia if it "prove[d] by a preponderance of the evidence that it did not know about the illegal actions when it purchased the promissory notes."

Contrary to Maderera Numancia's assertions, the instruction submitted to the jury gave no indication that the jury could reject the innocent owner defense upon finding that Maderera Numancia "should have known" that the promissory notes were tainted. Instead, the instruction directed the jury to determine if Maderera Numancia was "unaware of" or "did not know about" Kuhse's illegal activity. The only reasonable interpretation of this instruction required the jury to determine whether Maderera Numancia had "actual knowledge" of Kuhse's illegal activity. The district court's choice of words accurately reflected the statutory requirement and adequately communicated the requirement of "actual knowledge" advocated by Maderera Numancia. Applying a de novo standard of review, we conclude that the instructions submitted to the jury "correctly state the law and provide the jury with an 'intelligent, meaningful understanding of the applicable issues and standards.'" United States v. Winchell, 129 F.3d 1093, 1096 (10th Cir. 1997) (quoting United States v. Laughlin, 26 F.3d 1523, 1528 (10th Cir. 1994)).

Because the instruction submitted to the jury on the innocent owner defense adequately conveyed the "actual knowledge" standard, the district court did not need to further instruct the jury on the difference between "actual" and "constructive" knowledge. Therefore, we find that the district court did not abuse its discretion by rejecting Maderera Numancia's proposed instruction on the innocent owner defense.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

Entered for the Court

Tena Campbell
United States District Judge